IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Pamela P. Williams, ) | |
| ) | Civil Action No. 6:07-1577-HFF-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Joseph T. Hinson, Jr., The Master Mark ) | |
| Construction, P.A., Mark McKinney, Steve ) | |
| Michaels, Spartanburg Forest Products, Stock ) | |
| Building Supply, Babbs and Brown PC., Ed ) | |
| Babbs, Scott Robert "Bob" Doe, and State Farm ) | |
| Ins. Co., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on several dispositive motions filed by the defendants. In her complaint, the plaintiff, who is proceeding *pro se*, alleges a number of causes of action regarding the finance, construction, and sale of certain properties in Greenville County.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

**FACTS PRESENTED**

The plaintiff alleges that the defendants acted improperly during the construction and sale of two residential lots. The plaintiff's complaint is based upon the same set of facts as those alleged by her incarcerated husband in *Ricky Williams a/k/a Williams and Bradshaw v. Hinson et al.*, C.A. No. 6:06-3465-HFF-WMC.[1] The plaintiff in this case is a co-defendant in her

---

[1] In his complaint, the plaintiff's husband alleged causes of action for violation of the Racketeer Influenced and Corrupt Organizations statute ("RICO") (18 U.S.C. § 1961 *et seq.*), mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), bank fraud (18 U.S.C. § 1344), common law fraud, civil conspiracy (18 U.S.C. § 371), and slander.

husband's case. In her complaint, she raises four causes of action: (1) fraudulent real estate closings; (2) fraud and theft; (3) bank fraud pursuant to 18 U.S.C. § 1344; and (4) slander. The plaintiff alleges, *inter alia*, that defendant Joseph T. Hinson, a residential builder, and defendants Master's Mark Construction ("Master's Mark") and Mark McKinney, contractors, obtained lumber and other materials from defendants Stock Building Supply and Spartanburg Forest Products for use in the construction of the plaintiff's home. The plaintiff claims that the lumber and materials were diverted to other projects of Hinson and Master's Mark without her consent.

Defendant Babb & Brown, P.C. ("B&B") is a law firm in Greenville, South Carolina, which performed two separate real estate closings on two lots and partially finished homes located in "The Columns" subdivision in Greenville. Defendant Hinson purchased these two pieces of property in May 2006 from the plaintiff and her husband. Both closings occurred after the plaintiff's husband was incarcerated, so in order to complete the sale of the jointly owned property, a Power of Attorney from the plaintiff's husband was needed. Defendant B&B drafted a Power of Attorney document and sent it to the plaintiff's husband in prison. Defendant B&B then received the executed Power of Attorney via hand-delivery from the plaintiff before the pre-arranged closings on May 17, 2006. Defendant B&B determined this hand-delivered version was not sufficient to use for the jointly-owned property, so only the property owned by the plaintiff was closed that day. Defendant B&B then sent a letter to the plaintiff's husband requesting that he resubmit the Power of Attorney directly to them via UPS, so that the second closing could move forward. Several days later, defendant B&B received that executed Power of Attorney properly delivered via UPS directly to B&B from the plaintiff's husband in prison. This executed Power of Attorney was used in the second real estate transaction on May 25, 2006, for the jointly-held property. The plaintiff and her husband received valuable consideration for their title in the two properties from Hinson in the form of monies, personal notes and mortgage forgiveness. The plaintiff claims that B&B executed a fraudulent real estate closing by using a rescinded Power of Attorney.

**APPLICABLE LAW**

This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

**ANALYSIS**

Defendants Hinson and Master's Mark (doc. no. 26) and Stock Building Supply and Robert Doe (doc. no. 70) have moved for dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants State Farm Insurance Co. (doc. no. 8); B&B and Edward Babb (doc. no. 79); and Steve Michaels and Spartanburg Forest Product (doc. no. 98) have moved for dismissal for failure to state a claim pursuant to Rule 12(b)(6).

As set forth above, the plaintiff raises four causes of action: (1) fraudulent real estate closings; (2) fraud and theft; (3) bank fraud pursuant to 18 U.S.C. § 1344; and (4) slander. None of the plaintiff's alleged causes of action provide a basis for federal question jurisdiction under Title 28, United States Code, Section 1331. The plaintiff's first, second, and fourth causes of action are all state law claims and do not seek to assert any federal statutory or common law avenue of redress. The remaining allegation, bank fraud, appears to assert a federal statutory cause of action on its face. However, the plaintiff's claim for bank fraud under Title 18, United States Code, Section 1344 is misplaced, because no private right of redress exists pursuant to

this statute. *See e.g., Milgrom v. Burstein,* 374 F.Supp.2d 523, 528-29 (E.D. Ky. 2005) (stating no private right of action existed for violation of federal bank fraud statute); *Bajorat v. Columbia-Breckinridge Dev. Corp.*, 944 F.Supp. 1371, 1378 (N.D. Ill. 1996) (stating same); *Park Nat. Bank of Chicago v. Michael Oil Co.,* 702 F.Supp. 703, 704 (N.D. Ill. 1989) (stating same). As such, the plaintiff's claim for bank fraud cannot be pursued and, therefore, fails to establish a basis for federal question jurisdiction in this case.

In her responses to the motions to dismiss (doc. nos. 51, 75), the plaintiff contends that federal question jurisdiction is appropriate as she has alleged a cause of action under the Racketeer Influenced and Corrupt Organizations statute ("RICO") (18 U.S.C. § 1961 *et seq.*) and because she has alleged the defendants violated her constitutional rights. As noted by the defendants, no such claims appear in her complaint. The elements common to all RICO violations are (1) racketeering activity; (2) conducted through a pattern; (3) affecting an enterprise; (4) a culpable person; and (5) an effect on interstate or foreign commerce. R. Douglas Rees and Jerold S. Solovy, 5 Bus. & Comm. Litig. in Fed. Cts. § 69.2 (2003). The plaintiff has made no such allegations, and thus federal question jurisdiction cannot be grounded in this statute. Further, no cause of action exists under the Constitution for deprivation of civil liberties as a result of private action. *See e.g. Jensen v. Conrad*, 570 F.Supp. 91, 106 (D.S.C. 1983). Accordingly, even if the plaintiff had made allegations regarding her civil liberties, which she did not, such a claim would not state a legally cognizable ground for federal question jurisdiction in this case.

Further, the plaintiff's complaint, on its face, establishes that no diversity of citizenship exists. In order to establish diversity of citizenship jurisdiction, the plaintiff must establish that none of the defendants are from the same state as the plaintiff. The requirements for diversity of citizenship jurisdiction are found in Title 28, United States Code, Section 1332, which states in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;

>   (3) citizens of different States and in which citizens or subjects of
>   a foreign state are additional parties; and
>   (4) a foreign state, defined in section 1603 (a) of this title, as
>   plaintiff and citizens of a State or of different States.

The plaintiff alleges that she is a citizen and resident of South Carolina and that all of the defendants named in the complaint are also citizens of or organized under the laws of South Carolina. Accordingly, the parties are not diverse, and the court does not have jurisdiction under this statute.

Based on the foregoing, no federal subject matter jurisdiction exists, and the plaintiff's action should therefore be dismissed.

According to defendants Hinson and Master's Mark, the plaintiff filed lis pendens on the subject properties on June 6, 2007. As this case should be dismissed for the reasons set forth above, the court further recommends that the lis pendens be cancelled.

## **CONCLUSION**

Based upon the foregoing, this court recommends that the motions to dismiss for lack of federal subject matter jurisdiction (docs. no. 26, 70) be granted. All other pending dispositive and nondispositive motions will be held in abeyance pending the district court's disposition of these motions. Should the district judge adopt this court's recommendation, these motions will be rendered moot. Should the district judge adopt this court's recommendation, it is further recommended that the lis pendens on the subject properties filed by the plaintiff on June 6, 2007, be cancelled.

>                                       s/William M. Catoe
>                                       United States Magistrate Judge

January 8, 2008

Greenville, South Carolina